FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STANLEY ARISTILDE EL-BEY, Ex Rel.
Stanley Aristilde, (Natural Person in Propia
Persona),
                Plaintiff,

- against -

T-Mobile (NYC)/US Corp/US Treasury, IMF,

                Defendants.
-------------------------------------------------------------X

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM
AND ORDER

~~12-CV-02378~~ (ARR)(LB)
12-CV-2738

ROSS, United States District Judge:

*Pro se* plaintiff Stanley Aristilde El-Bey brings this civil action seeking restoration of his cell phone service which had been terminated by the defendant T-Mobile.[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") is denied, and the Court directs that he file an amended IFP application or remit the filing fee in order to proceed with this civil action.

## I. Background

Plaintiff alleges that his cell phone service was cut off for "unlawful reasons." As best the Court can tell, the allegedly unlawful reasons are related to the fact that plaintiff considers himself a "blessed living so[u]l not a corporate fiction/chatt[e]l property," that there is an "inquisition operation in North[w]est America against the Moors, that defendant T-Mobile is "extorting him for [his] god given energy by neglecting [its] fiduciary duties," and that he "as a blessed live sole the plaintiff will not lawfully acknowledge any Fictitious Obligations made by

---

[1] Although plaintiff lists other defendants in the caption, they are not involved in the cell phone contract plaintiff has with defendant T-Mobile, despite plaintiff's lofty proclamations seemingly involving the Coinage Act of April 2, 1792.

1

any Corporation living or non-living." Complaint at 1, 3. Plaintiff states that he has informed defendant of his "attribute/title and status correction thru documents sent via air mail," *id.*, but it is unclear to the Court what status or title to which he refers or why it is relevant to his obligation to pay for his telephone service.

## II. Filing Fee

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. In his request to proceed *in forma pauperis*, plaintiff states that his "employment information is private. If necessary please contact the plaintiff with a lawful reason." He also states that he has funds but does not provide the amount, stating again that this information is "private."

The Court finds that Plaintiff's financial declaration does not support a showing of indigency. Thus, the Court declines to grant *in forma pauperis* status.

The Court directs plaintiff to either file an amended IFP application or pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Order. If plaintiff fails to comply with this order within the time allowed, the action shall be dismissed.

## II. Deficiencies of the Complaint

Plaintiff is advised that even if he complies with the above directive, the action, as currently stated, shall be dismissed for lack of subject matter jurisdiction, and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### A. Subject Matter Jurisdiction

Plaintiff must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se*

complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking ... dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

Plaintiff does not allege a basis for this Court's jurisdiction and the Court, even liberally construing the complaint, cannot conjure a basis for the exercise of its jurisdiction. Plaintiff seeks to bring this dispute over his cellular telephone bill to this court for a resolution. This Court does not have subject matter jurisdiction over plaintiff's apparent dispute over a telephone bill under either its federal question or diversity jurisdiction.[2] *See e.g., Herben v. Public Service Comm'n*, No. 92-CV-7681, slip op. at 4, 1993 WL 50945 (S.D.N.Y.1993), aff'd, No. 93-7197, 1993 WL 556123 (2d Cir.1993) (no jurisdiction over telephone bill dispute). Thus, the complaint is dismissible because the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**B. Rule 8**

---

[2] Plaintiff and the first named defendant, the T-Mobile Company in New York City do not have diverse citizenship.

Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure provides an additional basis for dismissing his complaint. Rule 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Plaintiff's complaint is incomprehensible and contains no facts establishing that defendants infringed any of his rights.

### III. Conclusion

The Court directs plaintiff to either file an amended IFP application or pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Order in order to proceed with this action. As set forth above, even if plaintiff pays the filing fee or obtains IFP status, the action will be dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: June 13, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

**Stanley Aristilde El-Bey**
1653 Brooklyn Avenue
Brooklyn, NY 11210