Case 1:12-cv-02738-ARR-LB Document 11 Filed 07/19/12 Page 1 of 4 PageID #: 57

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STANLEY ARISTILDE EL-BEY, Ex Rel.
Stanley Aristilde (Natural Person in Propria Persona),

                Plaintiff,

   -against-

T-MOBILE CO (NYC)/US CORP/
US TREASURY/ & SPRINT,

                Defendants.
----------------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

12-CV-2738 (ARR) (LB)

ROSS, United States District Judge:

On May 29, 2012, plaintiff Stanley Aristilde El-Bey, filed this *pro se* action. By order dated June 13, 2012, the court denied plaintiff's request to proceed *in forma pauperis* ("IFP") and directed plaintiff to file an amended IFP application or pay the $350 filing fee in order to proceed with this action. The court also warned plaintiff that it lacked subject matter jurisdiction over the complaint as presented. On June 19, 2012, plaintiff filed an amended IFP application. *See* Dkt. No. #6. On June 20, 2012, plaintiff submitted a copy of the first page of the court's June 13, 2012, order which contained the handwritten notation "Refused for Cause." On June 29, 2012, plaintiff filed a submission entitled "Affidavit as Fact, Order to Show Cause for Permanent Relief" seeking an order that T-Mobile "fully restore all services to [his] cellphone." Pl. Aff. at 1. On July 6, 2012, plaintiff filed a letter stating simply "72 hr request I need my cellphone service." Plaintiff's amended request to proceed IFP is granted solely for the purpose of this order.[1] Plaintiff's complaint is dismissed as set forth below.

---

[1] Plaintiff states that he is currently employed at the Mendik Library at New York Law School, but does not state his earnings per month as required. Instead, plaintiff alleges that "there is no lawful money in circulation." Pl. Am. IFP at ¶ 1.

## Background

Plaintiff alleges that his cell phone service was cut off for "unlawful reasons" and seeks a court order directing T-Mobile "to restore FULL service . . .." Compl. at 1; Pl. Aff. at 1. Although plaintiff names "US Corp," "US Treasury" and Sprint as defendants in the caption, plaintiff only makes allegations against T-Mobile.

## Standard of Review

In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28

U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 681-685 (1946)).

Here, plaintiff's dispute with defendant T-Mobile fails to present a federal question or meet the diversity and amount-in-controversy requirements of § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, federal courts, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff's claim concerning his dispute with T-Mobile over his cellular telephone service is dismissed for lack of subject matter jurisdiction.

**Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Plaintiff's submission entitled "Refused for Cause," *see* Dkt. No. 7, to the extent it can be liberally construed as a motion for reconsideration of the court's June 13, 2012 order directing plaintiff to file an amended IFP or pay the filing fee is denied as moot. Plaintiff's "Affidavit as Fact Order to Show Cause for Permanent Relief" is also denied, *see* Dkt. No. 8. Any state law claims are dismissed

3

without prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated: July 11, 2012
Brooklyn, New York